Graham v. United States Of America                                                                   Doc. 2

```
                                              CLERK'S OFFICE U.S. DIST. COURT
                                                   AT ROANOKE, VA
                                                       FILED
          IN THE UNITED STATES DISTRICT COURT      APR 2 0 2005
         FOR THE WESTERN DISTRICT OF VIRGINIA JOHN F. CORCORAN, CLERK
                   ROANOKE DIVISION             BY:
                                                     DEPUTY CLERK
```

TIMOTHY GRAHAM,                )
                               )   Civil Action No. 7:05-CV-00227
    Petitioner,            )   Criminal Action No. 6:95-CR-70115
                               )
v.                             )   **MEMORANDUM OPINION**
                               )
UNITED STATES OF AMERICA,      )
                               )   By: Samuel G. Wilson
    Respondent.            )   United States District Judge

Petitioner Timothy Graham brings this motion to correct his sentence pursuant to 28 U.S.C. § 2255 claiming that the recent Supreme Court decision in United States v. Booker, 125 S. Ct. 738 (Jan. 12, 2005) makes his sentence illegal. However, the Court's decision in Booker is not applicable to cases on collateral review; therefore Graham's claim is not viable. Accordingly, the court will file and dismiss this motion pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings.

**I.**

Graham challenges his 168 month sentence for possession with intent to distribute 50 grams or more of cocaine.[1] Graham's conviction became final on May 27, 1996, ten days after his judgment was entered. See Fed. R. App. P. 4(b). Pursuant to 28 U.S.C. § 2255, a petitioner must file his motion within one-year from the date his conviction became final. See 28 U.S.C. § 2255 ¶ 6(1). Graham claims that Booker is a new rule that is retroactively applicable to cases on collateral review and therefore restarts the filing limitation period under 28 U.S.C. § 2255 ¶ 6(3). Although the Court held that its decision in Booker applied to the Federal Sentencing Guidelines and cases on direct review, it did not make Booker retroactive to cases on collateral review.

---

[1] Graham pleaded guilty to this offense and judgment was entered May 14 1996. Graham did not appeal his conviction.

Dockets.Justia.com

Booker, 125 S. Ct. at 769. Therefore, the Court's decision in Booker is not applicable to Graham's motion under § 2255 ¶ 6(3).

## II.

For the reasons stated, the court files and dismisses Graham's § 2255 motion pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings.

**ENTER**: This ___19th___ day of April, 2005.

UNITED STATES DISTRICT JUDGE