CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 18 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TIMOTHY GRAHAM,<br>Petitioner, | )<br>)<br>) Civil Action No. 7:05cv00227<br>) |
| v. | ) **MEMORANDUM OPINION AND**<br>) **ORDER** |
| UNITED STATES OF AMERICA,<br>Respondent. | )<br>)<br>) By: Samuel G. Wilson<br>) United States District Judge |

The court dismissed Timothy Graham's 28 U.S.C. § 2255 motion on April 20, 2005, and denied his Fed. R. Civ. P. 59(e) motion for reconsideration on May 12, 2005. Court records indicate that the Clerk mailed a copy of the court's order denying Graham's motion for reconsideration to Graham; however, in November 2005, Graham wrote to the court inquiring about the status of his motion for reconsideration. By letter dated November 10, 2005, the court informed Graham of the denial of his motion, and Graham immediately filed a notice of appeal, dated November 15, 2005, in which Graham claimed that he never received a copy of the order denying his motion for reconsideration. The Fourth Circuit construed Graham's notice of appeal as a motion to reopen Graham's time to file a notice of appeal under Fed. R. App. P. 4(a)(6) and remanded the case to this court for the limited purpose of ruling on that motion.

Under Rule 4(a)(6),[1] the court may only grant a motion to reopen if filed within 180 days

---

[1] Rule 4(a)(6), as amended in 1991, states that the court may grant a motion to reopen only if the motion is filed "within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice of the entry, *whichever is earlier*" (emphasis added). As explained in the Notes of the Advisory Committee on Appellate Rules points out, "This Provision establishes an outer time limit of 180 days for a party who fails to receive timely notice of a judgment."

after entry of the order being appealed. The court lacks jurisdiction[2] to grant a motion filed beyond the 180-day outer time limit. See Hensley v. Chesapeake & O. Ry. Co., 651 F.2d 226, 228 (4th Cir. 1981) ("The time requirements of Rule 4(a) are both mandatory and jurisdictional. Timely filing of a notice of appeal deprives a district court of jurisdiction over a case, and so does expiration of the time to file."). The court denied Graham's motion for reconsideration by order entered May 12, 2005, meaning Graham had until November 8, 2005 (180 days), to file his motion to reopen, regardless of when he received notice of the order. Even if the court considers Graham's motion filed on the day he signed it, November 15, 2006, Graham missed the deadline by a week. Accordingly, the court finds that it lacks jurisdiction to grant Graham's motion to reopen, and it is hereby **ORDERED** and **ADJUDGED** that Graham's motion to reopen is **DENIED**.

The Clerk is **DIRECTED** to transmit the record, as supplemented by this order, to the Court of Appeals for the Fourth Circuit and to send certified copies of this order to the petitioner and counsel of record for the respondent and to

ENTER: This 18th day of July, 2006.

United States District Judge

---

[2] Rule 4(a)(6) has all the hallmarks of a jurisdictional limitation. However, even if it were a non-jurisdictional "claim processing rule," as described by the Supreme Court in Eberhart v. U.S., it would still be incumbent upon the court to "observe the clear limits" of the Federal Rules of Appellate Procedure and to deny Graham's motion. See 126 S.Ct. 403, 404-7 (2005).